## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **KRISTEN SCHULZ,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:24-cv-00055-JNP-JCB** |
| **STORYLINES GLOBAL INC.,** | **District Judge Jill N. Parrish** |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are three motions: (1) pro se Plaintiff Kristen Schulz's ("Ms. Schulz") motion for default judgment as to Defendant Storylines Global Inc. ("Storylines")[2]; (2) Storylines's motion for a more definite statement[3]; and (3) Storylines's motion to set aside the Clerk's entry of default certificate.[4] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court grants Storylines's motion to set aside the default certificate,[5] and, consequently,

---

[1] ECF No. 12.

[2] ECF No. 10.

[3] ECF No. 21.

[4] ECF No. 22.

[5] *Id.*

denies as moot Ms. Schulz's motion for default judgment.[6] Additionally, the court denies Storylines's motion for a more definite statement.[7]

BACKGROUND

Storylines is a residential cruise line that sells luxury residential cabins aboard a yet-to-be-built ship called the MV Narrative.[8] Ms. Schulz alleges that she reserved a unit on the MV Narrative by entering into a Residence Refundable Deposit Agreement ("Deposit Agreement") with Storylines for a 24-year lease on a residence on the ship.[9] Ms. Schulz states that, before she signed the Deposit Agreement, Storylines emailed her information "which may be helpful for [Ms. Schulz] in making this decision [to secure a residence]."[10] Among other things, this email stated that "all funds will be held in an [e]scrow account and will not be used for any part of the ship building process."[11]

In addition to paying a deposit to secure a cabin, Ms. Schulz paid a fee to purchase membership in the Founders Circle Benefits Program ("Founders Circle").[12] Ms. Schulz alleges that Storylines promised many benefits to Ms. Schulz in exchange for membership in the Founders Circle, including exclusive events, priority access, discounts, priority for residence upgrades, and priority rental placement of her cruise residence.[13] Ms. Schulz alleges that the

---

[6] ECF No. 10.

[7] ECF No. 21.

[8] ECF No. 1 at 2.

[9] ECF No. 1 at 2; ECF No. 10-4 at 18-22.

[10] ECF No. 1 at 2; ECF No. 10-4 at 9.

[11] ECF No. 1 at 2; ECF No. 10-4 at 9.

[12] ECF No. 1 at 2; ECF No. 10-5 at 7.

[13] ECF No. 1 at 2; ECF No. 10-4 at 25-28.

most valuable benefit of Founders Circle membership ("Founders Circle Agreement"), however, was the right to exercise an ownership upgrade option for outright purchase of the residence at a set price that Ms. Schulz could exercise for up to ten years after the ship set sail.[14] Ms. Schulz alleges that Storylines represented that, at the end of the ocean-going life of the MV Narrative, any outright purchase ownership interest in a residence on the MV Narrative transferred over into another ship in the Storylines fleet without having to make an initial purchase again.[15] Ms. Schulz alleges that Storylines described the option to purchase residences outright as being fully inheritable to future estates and beneficiaries, and could be sold at any time.[16] According to Stotylines's marketing materials, "at the end of the initial vessel's 60-year lifespan, owners may roll their holding over to another ship in the Storylines fleet—without the need to make an additional purchase. You and your family can cruise forever, or take advantage of any capital growth in your residence."[17]

Ms. Schulz alleges that Storylines breached the Deposit Agreement because the Purchase Agreement, which Ms. Schulz never signed, would require Ms. Schulz's milestone payments to be held in a trust that would be used to fund the construction of the ship.[18] Thus, Ms. Schulz alleges this contradicts Storylines's assurance that "[a]ll funds will be held in an [e]scrow account and will not be used for any part of the ship building process."[19]

---

[14] ECF No. 1 at 2.

[15] *Id.*

[16] *Id.*

[17] *Id*; ECF No. 10-4 at 12-14, 16.

[18] ECF No. 1 at 3; ECF No. 10-4 at 33.

[19] ECF No. 1 at 3.

Ms. Schulz alleges that Storylines also breached the Founders Circle Agreement because the Purchase Agreement preview package no longer provides any option for outright ownership or the opportunity to sell any interest in a residence on a subsequent ship once the MV Narrative is no longer sailing.[20] Instead, the Purchase Agreement states that buyers may purchase the right to occupy their residence for a "life of the vessel" lease that they may then roll over to another ship in the Storylines fleet on a year-to-year basis.[21] Accordingly, Ms. Schulz seeks compensatory damages in the amount of the difference in value between the option for outright purchase that Ms. Schulz allegedly secured when joining the Founders Circle and Storylines's substituted option for a "life of the vessel" lease with a "year-to-year" leasehold on a subsequent ship.[22]

On February 26, 2024, the Clerk of Court entered a certificate of default against Storylines after Storylines's registered agent was personally served with process but Storylines failed to answer or otherwise respond to the complaint.[23] The same day, Ms. Schulz filed a motion for default judgment.[24] Two weeks later, counsel for Storylines entered a notice of appearance,[25] followed shortly after by an opposition to the motion for default judgment.[26]

---

[20] *Id.*

[21] *Id.* ECF No. 10-4 at 32.

[22] ECF No. 1 at 3.

[23] ECF No. 9.

[24] ECF No. 10.

[25] ECF No. 13.

[26] ECF No. 15.

The court held oral argument on the motion for default judgment and, subsequently, took the motion under advisement.[27] At the hearing, Storylines indicated that they planned to file a motion to vacate the default certificate and, additionally, both parties expressed a desire to request a judicial settlement conference to attempt to resolve this case.[28] Storylines filed the instant motion for a more definite statement,[29] motion to set aside default certificate,[30] and a stipulated motion for judicial settlement conference.[31] Per the parties' stipulation, the court stayed briefing deadlines related to the pending motions while the parties pursued settlement.[32] After conferencing, the parties were unable to reach a settlement agreement.[33] As a result, Ms. Schulz requested that the stay in this case be lifted[34] and filed responses to Storylines's motions the next day.[35] Storylines did not file a reply in support of either motion.

ANALYSIS

Based upon the following analysis, the court (I) grants Storylines's motion to set aside the default certificate,[36] and, consequently, denies as moot Ms. Schulz's motion for default

---

[27] ECF No. 19.

[28] *Id.*

[29] ECF No. 21.

[30] ECF No. 22.

[31] ECF No. 23.

[32] ECF No. 27.

[33] ECF No. 34.

[34] ECF No. 31.

[35] ECF No. 35, ECF No. 36.

[36] ECF No. 22.

judgment.[37] Additionally, the court (II) denies Storylines's motion for a more definite statement.[38] Each issue is addressed in order below.

## I. The Court Grants Storylines's Motion to Set Aside the Default Certificate.

Storylines has overcome the relatively low bar to set aside the default certificate. Fed. R. Civ. P. 55 governs the procedure for cases in which a defendant fails to answer or otherwise defend against a properly filed and served complaint. Rule 55 first requires the plaintiff to move the Clerk of Court under Fed. R. Civ. P. 55(a) for entry of default. After the Clerk enters default against the unresponsive defendant, the plaintiff must then move either the Clerk or the court for a default judgment.[39]

If the Clerk enters a default, and the previously unresponsive defendant now participates by seeking to set aside that entry of default, Fed. R. Civ. P. 55(c) allows the defendant to do so upon a showing of "good cause." "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[40] Other relevant factors may also be considered, but it is not necessary to consider all factors.[41] "The preferred disposition of any case is upon its merits and not by default[.]"[42] Moreover, "it is well established that the good cause

---

[37] ECF No. 10.

[38] ECF No. 21.

[39] Fed. R. Civ. P. 55(b).

[40] *Hunt v. Ford Motor Co.*, 65 F.3d 178 (Table), 1995 WL 523646, at *3 (10th Cir. 1995).

[41] *Id.*

[42] *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

required by [Rule] 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."[43] As shown below, the court grants Storylines's motion to set aside the default certificate after determining that (A) Storylines's default was not the result of culpable conduct; (B) setting aside Storylines's default would not prejudice Ms. Schulz; and (C) Storylines presents a meritorious defense to Ms. Schulz's claims.[44]

   A.  Storylines's Default Was Not the Result of Culpable Conduct.

Storylines's failure to respond to this lawsuit was not willful. Generally, a defendant's conduct is considered culpable if the party defaulted willfully (i.e., intended to default) or has no excuse for a default.[45] Storylines asserts that its failure to respond was due to internal communication issues stemming from the disbursed nature of Storylines's operations as well as personal circumstances of Storylines staff.[46] Service was made on Storylines's registered agent in

---

[43] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

[44] Ms. Schulz argues that, at the outset, the court must determine whether Storylines's motion is untimely. However, at the April 8 motion hearing, the court recognized that, due to the circumstances of this case, Storylines's counsel was still waiting for an affidavit from Storylines's staff to be filed with the motion to set aside the default certificate. Consequently, the court directed Storylines to file their motion to set aside "as soon as possible" so the court could "take everything up at once." ECF No. 19. When no motion had been filed within two weeks of oral argument, the court entered a status report order, ECF No. 20, which ordered the parties to file a status report no later than May 8, 2024 to inform the court of the status of this action and their intentions to proceed. On May 8, 2024, Storylines filed its motion and Ms. Schulz filed a status report indicating the parties would pursue mediation. ECF No. 24. The declaration attached to the motion to set aside is also dated May 8, 2024. All this considered, the court finds no reason to exclude Storylines's motion as untimely.

[45] *Hunt*, 1995 WL 523646, at *3.

[46] ECF No. 22 at 5-6; ECF No. 22-1.

Delaware, who then forwarded the summons and complaint to an old email maintained by Storylines's Interim CEO who was undergoing medical treatment in South Korea when the email was sent.[47] Upon discovery, the email was forwarded to Storylines's legal counsel in Germany, who then retained counsel in Utah.[48] Utah counsel opposed the motion for default judgment soon after.[49]

The court does not find that Storylines's behavior rises to the level of culpable conduct. Storylines's failure to file a timely response to Ms. Schulz's complaint was not due to an intentional disregard of this lawsuit. Rather, as soon as Storylines became aware of the litigation, Storylines hired local counsel. At oral argument for the motion for default judgment, Storylines's counsel stated that he filed a notice of appearance the same day that he received a call from legal counsel in Germany.[50] He then immediately began working to seek verified facts from Storylines's staff to file a motion to set aside.[51] Storylines represented that it did not file a motion for an extension of time to file an answer to Ms. Schulz's complaint out of a good faith belief that it first needed to oppose the motion for default judgment and file a motion to set aside.[52]

Nevertheless, Ms. Schulz asserts that service on Storylines's registered agent means Storylines can have no excuse for default,[53] Storylines knew that Ms. Schulz intended to sue

---

[47] ECF No. 22 at 5-6.

[48] *Id.*

[49] *Id.* at 6.

[50] ECF No. 19.

[51] *Id.*

[52] *Id.*

[53] ECF No. 36 at 2-3.

when settlement discussions in January 2024 were unsuccessful,[54] and that, at best, Storylines became aware of this lawsuit on March 8, 2024, the day Ms. Schulz received a voicemail from Storylines's contracts administrator confirming that Storylines had received "all documents relating to [Ms. Schulz's] lawsuit."[55] However, even if Storylines had actual notice of this lawsuit when its registered agent was served in January, Storylines has provided sufficient excuse for failure to secure local counsel and to file anything with the court until March. Accordingly, this factor weighs in favor of setting aside the Clerk's entry of default.

B.  Setting Aside Storylines's Default Would Not Prejudice Ms. Schulz.

Setting aside the entry of default would not result in prejudice to Ms. Schulz. The lawsuit is in its infancy, no discovery has been completed, and the proceedings have only been slightly delayed due to Storylines's default and the parties' unsuccessful mediation. Ms. Schulz still has the full opportunity to litigate her claims in a timely matter. Moreover, having to actually litigate the lawsuit that Ms. Schulz believed she would have to litigate when she filed this cause of action is not prejudice. Accordingly, this factor weighs in favor of setting aside the Clerk's entry of default against Storylines.

C.  Storylines Presents a Meritorious Defense to Ms. Schulz's Claims.

Although Storylines has yet to file an answer, Storylines presents defenses to Ms. Schulz's complaint that should be reviewed on the merits. Rule 55(c)'s factor of presenting a meritorious defense does not require the parties to "litigate the truth of the claimed defense" on a

---

[54] *Id.* at 3.
[55] ECF No. 16-1 at 10.

motion to set aside default.[56] "Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action."[57]

As to Ms. Schulz's breach of contract claim related to the Deposit Agreement, Storylines argues that the assurance that all deposit funds will be held in an escrow account and will not be used for any part of the ship building process is not a phrase found in any contract between the parties and, moreover, what this language found in the January 12, 2022 marketing email to Ms. Schulz means is that, until the signing of the Purchase Agreement, Ms. Schulz's $10,000 refundable deposit would not be applied to vessel construction.[58] Additionally, Storylines argues that, because the Deposit Agreement contains an integration clause, any statement in the marketing email is not binding on the parties after the agreement is signed.[59] Thus, the parties have a fundamental disagreement about what, if any, escrow-related promises were made prior to Ms. Schulz's signing of the Deposit Agreement. Storylines's defenses to this claim are meritorious for purposes of setting aside a default certificate.

Additionally, Storylines argues that an "outright purchase" option was never presented in any of the contracts before Ms. Schulz, instead what was offered was a "leasehold interest."[60] Storylines contends that the Purchase Agreement never uses the language "outright purchase" and, although Storylines's marketing materials and the Founders Circle Agreement use this

---

[56] *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

[57] *Id.*

[58] ECF No. 19; ECF No. 22 at 3.

[59] ECF No. 10-4 at 20.

[60] ECF No. 19.

phrase, Storylines also repeatedly uses the terms "leasehold interest" and "life of the vessel interest," and the interest in the second ship was described as "year-to-year."[61] Furthermore, Storylines asserts that it is not possible to award Ms. Schulz what she requests in her complaint—a fee simple interest in both the cabin on the MV Narrative and on a subsequent ship that might replace the MV Narrative which would be built after an estimated sixty-year lifespan of the MV Narrative—because "you cannot transfer fee simple title to a portion of a floating vessel in the same way you do real estate."[62] Storylines asserts that Ms. Schulz has a factual and legal misunderstanding of what was meant by the phrase "outright purchase"—that, instead, the interest offered in the MV Narrative was a "life of the vessel" interest that could be transferred to third parties, whereas the "year-to-year" interest in the subsequent ship cannot be.[63] Storylines argues that Ms. Schulz now asks the court to incorporate the "outright purchase" language that appears in some marketing material and the Founders Circle Agreement into the Purchase Agreement that was never executed by the parties such that Ms. Schulz would have a "life of the vessel" lease on the second ship.[64] Storylines asserts that the purchase of the leasehold interest is not effectuated by the Founders Circle Agreement, that Ms. Schulz requests damages based on an assumption that she signed the Purchase Agreement, paid for both cabins, is now going to possess these interests, and that they are worth less than she believed they would be.[65] Storylines's defenses to this claim are also meritorious for default purposes. Accordingly,

---

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] *Id*; ECF No. 22 at 3-4.

Storylines has demonstrated good cause for setting aside the default certificate. Therefore, the court grants Storylines's motion[66] and denies as moot Ms. Schulz's motion for default judgment.[67]

## II.   The Court Denies Storylines's Motion for a More Definite Statement.

In setting aside the Clerk's entry of default against Storylines, the court denies Storylines's motion for a more definite statement because there is nothing so vague or ambiguous about Ms. Schulz's complaint that would preclude Storylines from filing an answer. Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 8(a)(2) requires notice pleading in the form of a short and plain statement of the claim showing that the pleader is entitled to relief. Accordingly, motions for a more definite statement are generally disfavored.[68] "Rule 12(e) is designed to correct pleadings that are unintelligible not merely to correct a claimed lack of detail."[69] "[T]he standard to be applied [in evaluating a Rule 12(e) motion] is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or an admission."[70]

---

[66] ECF No. 22.

[67] ECF No. 10.

[68] *Rudder Holding Co., LLC v. Christensen*, No. 2:17-CV-00678-DN, 2021 WL 1171781, at *3 (D. Utah Mar. 28, 2021); *see also Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15-CV-00307-DAK, 2015 WL 5999896, at *1 (D. Utah Oct. 14, 2015).

[69] *Swig Holdings*, 2015 WL 5999896, at *1.

[70] *Rudder Holding Co.*, 2021 WL 1171781, at *3.

Additionally, a motion for a more definite statement "must point out the defects complained of and the details desired."[71]

Here, Storylines states only that the complaint does not conform with Fed. R. Civ. P. 10(b)'s requirement that a complaint contain numbered paragraphs, making it "impossible to respond to, to admit or deny, [Ms. Schulz's] allegations with any specificity."[72] However, Storylines appears to understand the substance of Ms. Schulz's breach of contract claims, as evidenced by counsel's arguments at the hearing on the motion for default judgment,[73] and in Storylines's motion to set aside the default certificate.[74] Accordingly, Ms. Schulz's complaint provides Storylines with adequate notice of the claims against it and Storylines has not provided the court with any additional details it needs to respond to the complaint. Requiring Ms. Schulz to amend her complaint to add numbered paragraphs would not change the substance of her claims. However, to assuage Storylines's concern, Storylines may respond to the complaint in narrative form rather than using numbered paragraphs. The court denies Storylines's motion for a more definite statement.[75]

---

[71] Fed. R. Civ. P. 12(e).

[72] ECF No. 21 at 2.

[73] ECF No. 19.

[74] ECF No. 22.

[75] ECF No. 21.

**CONCLUSION AND ORDER**

Based upon the foregoing analysis, the court HEREBY ORDERS:

1.  Storylines's motion to set aside the default certificate[76] is GRANTED.

2.  Ms. Schulz's motion for default judgment[77] is DENIED AS MOOT.

3.  Storylines's motion for a more definite statement[78] is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of August 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[76] ECF No. 22.

[77] ECF No. 10.

[78] ECF No. 21.