THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KRISTEN SCHULZ,<br><br>Plaintiff,<br><br>v.<br><br>STORYLINES GLOBAL INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00055-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

    This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are two motions: (1) pro se Plaintiff Kristen Schulz's ("Ms. Schulz") second motion for sanctions under Fed. R. Civ. P. 37(b)[2] and (2) Defendant Storylines Global Inc.'s ("Storylines") motion to withdraw deemed admissions pursuant to Fed. R. Civ. P. 36(b).[3] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and decides the motions on the written memoranda. Based on the analysis set forth below, the court grants in part and denies in part Ms. Schulz's motion for Rule 37(b) sanctions and grants Storyline's motion to withdraw deemed admissions.

---

[1] ECF No. 12.

[2] ECF No. 114.

[3] ECF No. 115.

## BACKGROUND

Storylines is a residential cruise line that sells luxury residential cabins aboard a yet-to-be-built ship called the "*MV Narrative*."[4] Ms. Schulz reserved a unit on the *MV Narrative* by entering into a Residence Refundable Deposit Agreement ("Deposit Agreement") with Storylines for a 24-year lease on a residence on the ship and paying a fully-refundable $10,000 deposit.[5] Additionally, Ms. Schulz paid a non-refundable $35,000 fee to join the "Founders Circle," a Storylines' program marketed in connection with residential offerings aboard the *MV Narrative*.[6] Among other benefits, Ms. Schulz alleges that her Founders Circle membership ("Founders Circle Agreement") included the right to exercise an option for "outright purchase" of the shipboard residence she had reserved with her deposit for up to ten years after the *MV Narrative* set sail, as well as future rights connected to similar accommodations on successor vessels.[7] However, Ms. Schulz alleges the "Agreement Package" later presented to her did not provide any option for "outright purchase" of a residence on the *MV Narrative*.[8] Instead, the Agreement Package defined the prospective sale of "Exclusive Perpetual Use License" as the "24 year and life of vessel (LOV) duration of [l]icenses" to exclusively use the reserved cabin.[9] Therefore, among other claims, Ms. Schulz alleges Storylines breached the Founders Circle Agreement by

---

[4] ECF No. 84 at 2.

[5] *Id.* at 8.

[6] *Id.*

[7] *Id.* at 9.

[8] *Id.* at 12.

[9] *Id.*

revoking Ms. Schulz's option for "outright purchase."[10] Ms. Schulz alleges that for Founders Circle members who had secured an "option for outright purchase," Storylines offered to replace this option with a Life of the Vessel ("LOV") lease on the *MV Narrative*, followed by a year-to-year lease for a residence on a subsequent ship in Storylines' fleet.[11]

Ms. Schulz also alleges that Storylines represented that her funds would be held in escrow and not used to finance the construction or operations of the *MV Narrative*.[12] However, according to Ms. Schulz, Storylines deposited her initial deposit and Founders Circle membership fee into Storylines' bank account.[13] In so doing, Ms. Schulz alleges Storylines breached the Founders Circle Agreement.[14]

Storylines disputes Ms. Schulz's interpretation of the Founders Circle Agreement and denies making any actionable misrepresentations.[15] The parties have filed cross-motions for summary judgment.[16] Ms. Schulz filed her Motion for Summary Judgment four days after filing her Second Amended Complaint, which adds claims of fraud, fraudulent concealment, and breach of the duty of good faith and fair dealing, revises her requested damages, and includes a request for punitive damages based upon Storylines' alleged fraudulent conduct.[17]

---

[10] *Id.* at 15.

[11] *Id.* at 12-13.

[12] *Id.* at 10.

[13] *Id.* at 8.

[14] *Id.*

[15] ECF No. 89; ECF No. 109.

[16] ECF No. 85; ECF No. 109.

[17] ECF No. 84.

Ms. Schulz's motion for 37(b) sanctions[18] and Storylines' motion to withdraw deemed admissions are also pending before the court.[19] Both of these filings relate to Storylines' delayed response to Ms. Schulz's third set of discovery requests.

As to that third set of discovery requests, Ms. Shulz served them upon Storylines' counsel on December 21, 2024.[20] These requests included Ms. Schulz's Second Set of Requests for Admission, Third Request for Production, and Third Set of Interrogatories as Word documents on a flash drive sent to Storylines' counsel via United States certified mail.[21] A printed cover letter listed all the contents of the flash drive.[22] The directory of the enclosed flash drive also labeled all of the documents contained therein.[23] Storylines received the flash drive and hard copy cover letter on December 23, 2024.[24] Storylines' responses to these discovery requests were due by January 24, 2025.[25] Three days after this deadline, Ms. Schulz emailed Storylines' counsel to discuss the overdue discovery and provided windows of available times to meet and

---

[18] ECF No. 114.

[19] ECF No. 115.

[20] ECF No. 114 at 2.

[21] *Id.* *See also* ECF No. 92-3; ECF No. 92-4; ECF No. 92-5.

[22] ECF No. 114 at 3. *See also* ECF No. 92-2.

[23] ECF No. 114 at 4.

[24] *Id.* at 2.

[25] Federal Rules of Civil Procedure 33 (interrogatories), 34 (requests for production), and 36 (requests for admission) provide for a 30-day response deadline. Thirty days from December 23, 2024 is January 22, 2025. However, December 25, 2024, and January 1, 2025, were public holidays. Therefore, Storylines was required to respond to Ms. Schulz's discovery requests by January 24, 2025.

confer.[26] When Storylines responded that it did not receive the discovery requests,[27] Ms. Schulz explained that the requests were provided on the flash drive that the United States Postal Service tracking website shows was delivered on December 23, 2025.[28] Ms. Schulz attached duplicate copies of the discovery requests to her response email dated January 30, 2025.[29] Storylines did not respond to this email, request an extension of time to respond, call Ms. Schulz, or provide any available times to meet and confer with Ms. Schulz regarding her request to discuss the overdue discovery.[30]

By February 23, 2025, Storylines had not responded to Ms. Schulz's discovery requests, so she filed a motion for sanctions under Fed. R. Civ. P. 37(b) for Storylines' failure to (1) provide all previous versions of Storylines' marketing brochures as required by this court's order[31]; and (2) respond to Ms. Schulz's third set of discovery requests.[32] Storylines responded to the third set of discovery requests via email on March 12, 2025,[33] shortly after filing its opposition to the motion for sanctions.[34] The court held a hearing on this motion and, following argument from the parties, concluded Storylines had received proper notice of the discovery

---

[26] ECF No. 87 at 2.

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] ECF No. 114 at 7-8.

[31] ECF No. 73.

[32] ECF No. 87.

[33] ECF No. 114-1.

[34] ECF No. 91.

requests but had failed to timely respond.[35] Even so, Storylines represented that, although tardy, it had now fully complied with its discovery obligations by responding to Ms. Schulz's requests and the court's prior orders[36] to produce all previous versions of Storylines' marketing brochures within Storylines' possession, custody, or control.

      Given the foregoing, the court denied without prejudice Ms. Schulz's motion for sanctions and ordered Storylines to produce an affidavit of a records custodian by May 28, 2025, verifying that, after a thorough search for all previous versions of Storylines' marketing brochures, Storylines had produced all relevant documents to Ms. Schulz.[37] However, Storylines neither filed an affidavit by this date nor a motion for extension of time to do so. Consequently, Ms. Schulz renewed her motion for sanctions by requesting a default judgment under Fed. R. Civ. P. 37(b)(2)(A)(vi) for Storylines' "repeated failures to comply with its discovery obligations and court orders in this case."[38] In the alternative, Ms. Shulz asked the court to find as an established fact that "(1) the phrase 'outright purchase' in the Founders Circle Agreement does not mean any type of lease, but instead means an ownership interest that automatically transfers to a similar residence on a future vessel; and (2) that one of the benefits of joining the Founders Circle is an unconditional, binding option for outright purchase of the selected residence for ten years after the *MV Narrative* set sail."[39]

---

[35] ECF No. 111.

[36] ECF No. 73; ECF No. 78.

[37] ECF No. 111.

[38] ECF No. 114 at 9.

[39] ECF No. 114 at 9-10.

A week and a half *after* the court-imposed deadline, Storylines submitted a Declaration from Dick Rossman ("Mr. Rossman"), Chairman of Storylines.[40] Therein, Mr. Rossman stated that:

> Because Storylines has used outside contractors to develop marketing materials and because of internal turnover of employees, it does not have access to many previously used advert[isements]. There is no single comprehensive repository of issued marketing material. Storylines does not have a current employee other than [Mr. Rossman] who can speak first-hand regarding the history of Storylines['] marketing and advertising history. [Mr. Rossman's] knowledge is not on an operational level, but from a senior management perspective. The main employees most closely involved in gathering documents requested by [Ms. Schulz] throughout the discovery phase of this matter have recently left Storylines, leading to the delay in providing this declaration to the court. Those employees previously informed [Mr. Rossman], and [Mr. Rossman] believe[s], that Storylines has produced in this litigation all versions of marketing brochures in [Storylines'] possession that [Storylines] could locate. [Mr. Rossman] is unaware of any marketing material that has not been produced. Storylines does not possess any additional marketing material which it could produce in response to [Ms. Schulz's] requests. These statements are consistent with the previous testimony and declarations of Storylines employees made to this [c]ourt.[41]

At the May 19, 2025 motion hearing on Ms. Schulz's first motion for 37(b) sanctions, the court also held that Ms. Schulz's Second Set of Requests for Admission were deemed admitted under Fed. R. Civ. P. 36(a)(3) based on Storylines' untimely response.[42] The four requests for admission ("RFA") that have been deemed admitted by operation of Rule 36(a)(3) are:

> REQUEST NO. 18: Defendant understood the difference between a lease and an ownership interest when it signed Plaintiff's Founders Circle agreement.

---

[40] ECF No. 117.

[41] *Id.*

[42] ECF No. 111.

>REQUEST NO. 19. At the time the parties entered into the Founders Circle agreement, Defendant believed that maritime law or regulation did not permit individual ownership of cabins on the MV Narrative.
>
>REQUEST NO. 20. Defendant's idea has always been to offer only leasehold interests of varying lengths in residential cabins on the MV Narrative.
>
>REQUEST NO. 21. The first time Defendant notified Plaintiff that Defendant believed it was not possible to provide individual ownership of cabins on the MV Narrative was after Plaintiff filed this lawsuit.[43]

Storylines moved to withdraw these deemed admissions.[44]

## ANALYSIS

I. **The Court Declines to Impose the Sanctions Ms. Schulz Requests Because Storylines Has Now Complied with Its Discovery Obligations; However, The Court Orders Storylines' Counsel to Pay Ms. Schulz's Documented and Reasonable Costs Related to Storylines' Untimeliness.**

The sanctions Ms. Schulz seeks under Rule 37(b) are too severe to remedy the prejudice she may have suffered as a result of Storylines' delay in responding to her third set of discovery requests—especially where Storylines has now fully responded to the requests and has declared by affidavit that it has produced all prior versions of its marketing brochures within Storylines' possession, custody, or control. The court concludes Storylines' delay in compliance with discovery obligations and a court order, although impermissible, does not appear to be willful, and lesser sanctions are appropriate.

---

[43] ECF No. 114-2 at 7-8.

[44] ECF No. 115.

Because *some* sanction under Rule 37(b) is appropriate given counsel for Storylines' pattern of dilatory conduct in discovery, the court will order Storylines' counsel to pay Ms. Schulz's documented and reasonable costs incurred in preparing and arguing her first and second motion for 37(b) sanctions, which essentially sought to compel: (1) Storylines' responses to her third set of discovery requests, (2) court-ordered discovery regarding Storylines' marketing brochures, and/or (3) an affidavit declaring Storylines had fulfilled its discovery obligations. Accordingly, the court grants in part and denies in part Ms. Schulz's motion for sanctions. The court begins by addressing the standard for evaluating the 37(b) sanctions Ms. Schulz seeks, followed by a discussion of why the requested sanctions are too severe under the circumstances.

Fed. R. Civ. P. 37(b) governs sanctions for failure to obey a prior discovery order. If a party "fails to obey an order to provide or permit discovery," Rule 37(b)(2)(A) permits the court to "issue further just orders" including "directing that . . . designated facts be taken as established for purposes of the action, as the prevailing party claims" or "rendering a default judgment against the disobedient party." "The district court's discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular claim' which was at issue in the order to provide discovery."[45]

When considering these types of significant sanctions (e.g., default judgment, evidentiary sanctions), courts in this Circuit apply the five-factor test set out by the Tenth Circuit in *Ehrenhau*s: (1) the degree of actual prejudice to the moving party, (2) the amount of interference with the judicial process, (3) the culpability of the non-moving party, (4) whether the court

---

[45] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

warned the non-moving party in advance that dismissal/default would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.[46] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[47]

Concerning the first *Ehrenhaus* factor, Ms. Schulz has suffered *some* prejudice because Storylines' discovery delays have required her to spend additional time attempting to meet and confer with Storylines regarding Storylines' failure to comply with its discovery obligations, filing the prior and instant motion for sanctions, and arguing the first at a hearing. However, Ms. Schulz has not provided any evidence of actual economic loss[48] or specific prejudice to her ability to prosecute her claims, and, indeed, Ms. Schulz's motion for summary judgment was filed two days after her first motion for sanctions.[49]

As to the second factor, Storylines has missed many deadlines in discovery and substantive filings without requesting to extend time,[50] which has required the court to expend considerable resources on Ms. Schulz's motions to compel Storylines' compliance with its litigation obligations. Accordingly, the court finds Storylines' conduct has interfered with the judicial process.

---

[46] *Id.* at 921.

[47] *Id.*

[48] Even so, as will be discussed below, the court will permit Ms. Schulz to produce an affidavit and supporting documentation to Storylines itemizing the reasonable expenses she incurred in connection with her first and section motions for 37(b) sanctions.

[49] ECF No. 87.

[50] *See, e.g.*, ECF No. 57.

As to the third factor, although Storylines conduct has been dilatory and, at times, negligent—e.g., Storylines' failure to even open Ms. Schulz's third set of discovery requests contained on the flash drive and in an email from Ms. Schulz until after Ms. Schulz filed her first sanctions motion—Storylines' failures do not appear to be willful. After realizing its oversight, Storylines responded to Ms. Schulz's requests. And, as to the late filing of Mr. Rossman's affidavit, Storylines attests this was due to employee turnover, not willful defiance.[51]

Regarding the fourth factor, the court has warned Storylines that future discovery delays could result in Rule 37 sanctions,[52] however, this does not automatically justify default judgment or other severe sanctions without an assessment of the other *Ehrenhaus* factors and the circumstances leading to Storylines' delay. Moreover, as previously discussed, Storylines has resolved the discovery issues Ms. Schulz has identified. Thus, default judgment is an inappropriate sanction. To the extent Ms. Schulz argues that Storylines still has not complied with its production obligation, the court cannot compel Storylines to produce documents that do not exist or are not in Storylines' possession, custody, or control.[53] Ms. Schulz has not provided the court with any information to lead the court to question the veracity of Storylines' statements that no additional responsive documents exist. Therefore, the court has no basis upon which to compel Storylines to produce any additional marketing materials.

On balance, the fifth and final factor weighs against imposing the case-ending sanctions Ms. Schulz seeks. Dismissal/default judgment as a sanction is a "weapon of last, rather than first,

---

[51] ECF No. 117 at 2.

[52] ECF No. 78.

[53] Fed. R. Civ. P. 34 imposes a duty on the responding party to produce documents that are in the "possession, custody, or control" of the party.

resort."[54] The requested discovery has been provided, and this case is ready to proceed on the merits with competing motions for summary judgment.[55] For the same reason, the court rejects Ms. Schulz's invitation to "take as established" facts that Storylines has contested throughout this case (i.e., the meaning of the phrase "outright purchase" in the Founders Circle agreement, whether any option for "outright purchase" contained in the Founders Circle agreement was contingent on a future sales agreement or was unconditional), because taking these as established facts would have the practical effect of resolving the competing motions for summary judgment in Ms. Schulz's favor rather than addressing the merits of her claims. Such a case-dispositive sanction is disproportionate to Storylines' discovery violation in the absence of willful noncompliance or sufficient prejudice to Ms. Schulz.

    Instead, the court orders Storylines' counsel to pay Ms. Schulz's documented and reasonable litigation costs related to Storylines' untimeliness. Rule 37(a)(5)(A) provides that if discovery is provided after the filing of a motion to compel, which Ms. Schulz's Rule 37(b) motion for sanctions is the functional equivalent here, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless this failure was substantially justified or other circumstances make an award of expenses unjust.[56] Because Ms. Schulz is self-represented, she

---

[54] *Ehrenhaus*, 965 F.2d at 920.

[55] ECF No. 85; ECF No. 109.

[56] Fed. R. Civ. P. 37(a)(5)(A).

is ineligible for a *fee* award under Rule 37(a)(5)(A).[57] However, "[t]here is some authority for the proposition that although pro se litigants cannot recover attorney fees under Rule 37(a)(5), they can recover '*documented and reasonable litigation costs*' under that Rule."[58] And, for the reasons explained above, Storylines' failure to timely respond to Ms. Schulz's discovery requests was not substantially justified, and no other circumstances make an award of expenses unjust.

Therefore, on or before August 13, 2025, Ms. Schulz shall submit to Storylines' counsel, an affidavit and supporting documentation itemizing the reasonable expenses she incurred in preparing and arguing her first and second motion for 37(b) sanctions. The parties shall then have 14 days thereafter to attempt to stipulate to the amount of the award. If the parties can agree upon the amount, Storylines' counsel shall pay the stipulated expenses award to Ms. Schulz within 14 days thereafter. If the parties are unable to agree on the amount, Ms. Schulz shall promptly file her affidavit and cost memorandum with the court. Storylines will be provided with 7 days thereafter to file any response. Upon receipt of any such submissions, the court will determine the amount of the expenses award. Accordingly, the court grants in part and denies in part Ms. Schulz's second motion for 37(b) sanctions.[59]

---

[57] *Grays v. Auto Mart USA, LLC*, No. 21-1312, 2022 WL 2763096, at *4 (10th Cir. July 15, 2022) ("Rule 37 does not empower the district court to award attorney fees to a *pro se* litigant."); *Creative Gifts, Inc. v. UFO*, No. 97-1266 LH/WWD, 1998 WL 36030443, at *2 (D.N.M. Aug. 10, 1998) ("[T]here is no justification for an award of attorney fees for pro se litigants who have expended no money for legal representation.").

[58] *Grays v. Auto Mart USA, LLC*, No. 18-cv-01761-MSK-NYW, 2020 WL 6268630, at *15 (D. Colo. Oct. 26, 2020) (citing *Richard v. Dignean*, 332 F.R.D. 450, 466 (W.D.N.Y. 2019); *Walker v. Tri-Tech Planning Consultants, Inc.*, 149 F.R.D. 22, 23 (E.D.N.Y. 1993)) (emphasis added).

[59] ECF No. 114.

### II. Allowing Withdrawal of the Deemed Admissions Would Promote Presentation of This Case on the Merits and Would Not Prejudice Ms. Schulz.

Despite Storylines' failure to timely respond to Ms. Schulz's Second Set of Requests for Admission, the withdrawal of the deemed admissions would promote the presentation of the merits of this case and would not result in prejudice to Ms. Schulz. Therefore, the court grants Storylines' motion to withdraw deemed admissions.[60] Under Fed. R. Civ. P. 36(a)(3), a matter is admitted unless, within 30 days after being served, the party to whom the request is directed responds with a written answer or objection. A matter admitted under Rule 36 is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.[61] Specifically,

> [s]ubject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.[62]

The court grants Storylines' motion to withdraw the deemed admissions because both requirements under Rule 36(b) are met. First, withdrawal will promote resolution on the merits. The four deemed admissions—concerning Storylines' understanding of ownership versus leasehold interests, its knowledge of maritime legal constraints at the time of contracting, its

---

[60] ECF No. 115.

[61] Fed. R. Civ. P. 36(b).

[62] *Id.* Although the United States Court of Appeals for the Tenth Circuit has stated "no litigant should ignore deadlines established by applicable rules," it has also instructed that "more than a failure to meet deadlines is required to deny a party relief from an admission." *Raiser v. Utah County*, 409 F.3d 1243, 1247 (10th Cir. 2005).

intent to offer only leasehold interests, and the timing of its disclosures to Ms. Schulz—go directly to the parties' competing positions in their cross-motions for summary judgment.[63] If deemed admitted, these RFAs would conclusively resolve disputed issues of knowledge, intent, and timing in Ms. Schulz's favor, short-circuiting the fact-intensive inquiry required to adjudicate her misrepresentation and contract-based claims. This is not a case where the admissions concern collateral or background facts; rather, they go to the core questions that both parties are asking the court to decide on summary judgment. The court finds that deciding such disputed merits issues via default admissions—particularly where those admissions appear to conflict with Storylines' answer and summary judgment briefing—would improperly elevate procedural technicalities over substance. Much ink has been spilled in the parties' briefing on the instant motion regarding the likelihood of success of their summary judgment motions. This very fact demonstrates the necessity of setting aside the RFAs deemed admitted to address the merits.

Second, Ms. Schulz has not demonstrated prejudice, and her request that the court treat Storylines' inadvertent non-response to the requests as admissions runs contrary to the court's general inclination to resolve cases on their merits.[64] Although Ms. Schulz has relied on the deemed admissions in her summary judgment briefing, the Tenth Circuit has made clear that reliance for summary judgment purposes, without more, does not constitute prejudice under Rule 36(b).[65] "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the

---

[63] ECF No. 85; ECF No. 109.

[64] *See, e.g.*, *Wilver v. Fisher*, 387 F.2d 66, 69 (10th Cir. 1967) ("The law favors the disposition of litigation on its merits.").

[65] *Raiser*, 409 F.3d at 1246.

admission now has to convince the jury of its truth. Something more is required."[66] Rather, prejudice under Rule 36(b) "relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."[67]

Ms. Schulz identifies no discovery that would need to be reopened because of the withdrawn admissions—indeed, no discovery has been conducted on Ms. Schulz's newly-added fraud claims—and no evidence has been lost because of the delay. To the contrary, her summary judgment motion relies heavily on marketing materials, language in the agreement, and communications with Storylines that all remain available for use regardless of the RFAs. The circumstances related to Storylines' 47-day delay in responding to the RFAs, as discussed above, do not rise to the level of willful noncompliance. Under these facts, Rule 36(b)'s preference for adjudicating disputes on their merits weighs strongly in favor of withdrawal. Consequently, the court grants Storylines' motion to withdraw deemed admissions.[68]

### CONCLUSION AND ORDER

Based on the foregoing analysis, the court HEREBY ORDERS as follows:

1. Ms. Schulz's second motion for 37(b) sanctions[69] is GRANTED IN PART AND DENIED IN PART. On or before August 13, 2025, Ms. Schulz shall submit to Storylines' counsel an affidavit and supporting documentation itemizing the

---

[66] *Id.* (quoting *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987)).

[67] *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (emphasis in original).

[68] ECF No. 115.

[69] ECF No. 114.

reasonable expenses she incurred in preparing and arguing her first and second motion for 37(b) sanctions.

2. Storylines' motion to withdraw deemed admissions[70] is GRANTED.

IT IS SO ORDERED.

DATED this 30th day of July 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[70] ECF No. 115.