IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KRISTEN SCHULZ, <br><br> Plaintiff, <br><br> v. <br><br> STORYLINES GLOBAL INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Case No. 2:24-cv-00055-JNP-JCB <br><br> District Judge Jill N. Parrish |

Plaintiff Kristen Schulz filed a federal lawsuit against Defendant Storylines Global Inc. alleging claims for breach of contract, fraudulent misrepresentation, fraudulent concealment, and breach of the implied covenant of good faith and fair dealing. Plaintiff Schulz moved for summary judgment, and Defendant Storylines followed with its own motion for summary judgment. Magistrate Judge Bennett recommended denying the cross motions for summary judgment, and for the reasons that follow, the court ADOPTS his report and recommendation and DENIES the cross motions for summary judgment.

BACKGROUND

Storylines markets itself as a residential cruise line with luxury cabins aboard a not-yet-complete ship called the "*MV Narrative*." In 2022, Schulz entered into a Residence Refundable Deposit Agreement with Storylines for a 24-year lease on the ship, paying a refundable $10,000 deposit. ECF 85 at 8. Schulz also paid a non-refundable $35,000 fee to join the so-called "Founders Circle," which, among other things, gave Schulz the right to exercise an option for an "outright purchase" of the residence Schulz had reserved on the ship. ECF 85 at 8–9.

In entering these agreements, Schulz claims she relied on information contained in Storylines videos, on Storylines' website, and in emails a Storylines "Residential Advisor" sent her. ECF 85 at 8. Specifically, Schulz alleges that Storylines distinguished between its lease options and its "outright purchase" option throughout its material and messaging. *See, e.g.*, Exhibit 2 to ECF 85 at 95 (sales brochure). For example, a Residential Advisor stated in an email that Storylines "[has] two options: 24 year lease or outright purchase . . . ." Exhibit 6 to ECF 85 at 1.

In 2023, Storylines presented an Agreement Package to Schulz, but this package did not include any option for an "outright purchase." Instead, it offered Schulz an "exclusive right to occupy one or more specific Cabins on the Ship . . . for (i) 12 years, (ii) 24 years, or (iii) the life of the vessel (LOV) . . . ." ECF 85 at 11; Exhibit 14 to ECF 85 at 3. Schulz asserts that for members of the Founders Circle—who she claims secured an option for an "outright purchase"—Storyline instead now offers this LOV lease, followed by a year-to-year lease for a residence on a subsequent vessel. Exhibit 15 to ECF 85 at 5. Schulz never signed this Agreement Package, alleging Storylines breached the Founders Circle agreement by revoking the option for an "outright purchase." ECF 84 ¶ 86.

Storylines, in contrast, disputes Schulz's interpretation of the Founders Circle agreement. It denies "outright purchase" meant "a legally binding obligation to provide a fee simple title transfer of a cabin on a ship with absolute ownership, including the right to use, sell, lease, or transfer it freely, with no restrictions." ECF 89 at 1–2. Storylines asserts that maritime law precludes such a fee-simple ownership arrangement. ECF 101 at 15. Consequently, it argues, "outright purchase" meant a LOV lease with rollover to a subsequent ship, with use of the phrase being promotional shorthand. *Id.* at 15–16.

Schulz responds that she does not equate "outright purchase" with a fee-simple title that would run afoul of maritime law. Rather, she asserts that maritime law could allow for other forms of ownership. ECF 85 at 25; ECF 103 at 3. She further argues that even if "outright purchase" meant a LOV lease, Storylines still revoked the option by not offering that same LOV lease on a subsequent vessel, instead switching to a year-to-year lease. ECF 85 at 21.

Schulz filed the operative complaint, her Second Amended Complaint, on February 21, 2025. ECF 84. By then, written and fact discovery had closed. ECF 49. In addition to the existing breach of contract claims, the Second Amended Complaint added claims of fraudulent misrepresentation, fraudulent concealment, and breach of the implied covenant of good faith and fair dealing. ECF 84. Just four days later, Schulz filed her motion for summary judgment on all her claims. ECF 85. Schulz's summary judgment motion relied in part on her Second Set of Requests for Admission, which, while at first admitted, were later withdrawn by the court. ECF 121. No additional discovery took place after the filing of Schulz's Second Amended Complaint. On April 25, 2025, Defendant Storylines Global Inc. filed its own motion for summary judgment. ECF 109.

Judge Bennett's report and recommendation denied both parties' motions without prejudice and recommended reopening discovery to allow development of the factual record on Schulz's newly added claims. Judge Bennett concluded that Schulz's motion for summary judgment was filed prematurely and that material disputes of fact precluded summary judgment for either party. As to the procedural timing of Schulz's motion, Judge Bennett noted that the new claims from Schulz's Second Amended Complaint involve fact intensive inquiries, causing the factual record to be underdeveloped for a summary judgment motion. Judge Bennett also noted that Schulz's motion relied in part on requests for admission that have now been withdrawn and

3

that the court retains discretion to re-open discovery for Schulz's new claims. As to the existence of genuine issues of material fact, Judge Bennett identified genuine factual disputes relating to the meaning and intent of the term "outright purchase" in the Founders Circle agreement, whether Storylines breached the Founders Circle agreement by failing to hold Schulz's membership fee in escrow, whether Storylines knowingly misrepresented or concealed material facts with the intent to defraud Schulz, and whether Storylines acted in good faith.

On review here, Schulz objects, asking that the court grant partial summary judgment on the breach of contract claim relating to the revocation of the "outright purchase" option. ECF 123. Specifically, Schulz argues that the motion for summary judgment for this breach of contract claim is not premature, as it was alleged in the original and First Amended Complaint, and that there is no genuine dispute of material fact relating to this claim. Defendant Storylines did not object to Judge Bennett's report and recommendation.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), the court "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made." As noted, Schulz has objected to Judge Bennett's denial of summary judgment, arguing for a grant of partial summary judgment for her breach of contract claim regarding Storylines' revocation of the "outright purchase" option. The court reviews that portion of the report and recommendation de novo.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that

there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). A fact is material if it pertains to an element of a claim or defense. *Id.* at 248. Whether there is a genuine issue for trial depends on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

When applying the summary judgment standard, the court must "view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party." *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008). Moreover, the court must liberally construe pro se pleadings, yet it cannot assume the role of advocate for the pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## ANALYSIS

### I.  Schulz's Objections

Schulz argues that a grant of partial summary judgment is appropriate for her breach of contract claim based on Storylines' alleged revocation of the "outright purchase" option. She presents three main objections to the report and recommendation. ECF 123.

First, she argues that a motion for partial summary judgment on this claim is not premature because this claim was alleged in both the Original and First Amended Complaint, filed January 22, 2024, and September 19, 2024, respectively. She asserts that Storylines had twice answered this claim and that both parties had completed discovery on the claim.

Second, Schulz argues that there is no genuine dispute of material fact regarding Storylines' revocation of the "outright purchase" option. She asserts that no reasonable jury could adopt Storylines' interpretation of the meaning of "outright purchase" and that the evidence is so one-sided that she must prevail as a matter of law. In support of this argument, Schulz cites to

*Mind & Motion Utah Investments, LLC v. Celtic Bank Corp.*, 367 P.3d 994, 999 (Utah 2016), to argue that a party can only support a latent ambiguity in a contract with extrinsic evidence that is objective and that employee affidavits setting forth a party's subjective understanding do not provide credible evidence to establish a latent ambiguity. According to Schulz, Storylines does not offer any objective or extrinsic evidence, and consequently, its allegations of contractual ambiguity are insufficient to survive summary judgment. She also argues courts must interpret a contract to give effect to the intent of the parties at the time of contract formation.

Third, Schulz argues that the differing interpretations of the term "outright purchase" are not material because under either interpretation, Storylines still revoked the option for "outright purchase." According to this argument, even if the court accepts Storylines' interpretation of an "outright purchase" as an LOV lease, Storylines still revoked the option by not providing an LOV lease on the subsequent vessel. Core to this argument is that if the court accepts Storylines' interpretation that an "outright purchase" meant an LOV lease, then the same definition must apply to residences on a subsequent vessel.

Before addressing these objections substantively, the court considers which objections are properly raised. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). As other courts in this circuit have remarked, whether an issue is raised for the first time can potentially "entangle [a court] in rather fine hair-splitting." *Alto Eldorado Partners v. City of Santa Fe*, No. CIV. 08-0175 JB/ACT, 2009 WL 1312856, at *16 (D.N.M. Mar. 11, 2009). For example, the citation of new cases in an objection could be characterized as new issues or as a refinement of

existing arguments. Some courts in this circuit have looked to whether "[t]he main issues at the heart of the motion . . . were presented earlier." *Id.* In any case, courts have broad discretion to review arguments even if no objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).

Here, the majority of Schulz's arguments were raised in her motion for summary judgment. Her breach of contract claim was raised in her Original Complaint, and she argued often that the evidence was so one-sided as to entitle her to judgment as a matter of law. *See* ECF 103 at 5. However, her third argument (that the different interpretations of "outright purchase" are immaterial) was only first raised in her response to Storylines' summary judgment motion, rather than in her own motion or reply. ECF 113 at 2. But the court does not find this fact sufficient to trigger waiver of the argument because the argument is central to the dispute and was raised before Judge Bennett ruled.

In contrast, the briefing on the motions for summary judgment extensively covered the standards of contract interpretation. But Schulz now argues new standards for the first time, one being that parties can only support latent ambiguities with certain evidence. The court finds this argument to be waived. *Marshall*, 75 F.3d at 1426. Schulz also newly asserts that courts must interpret a contract to give effect to the intent of the parties at the time of contract formation. ECF 123 at 8. The court also finds this argument waived, but it is worth noting that Judge Bennett did in fact consider this in his analysis. *See* ECF 122 at 16.

## II. De Novo Review

All three of Schulz's arguments suffer from the same defect: there are genuinely disputed factual issues with regard to contractual meaning and intent. As noted, Schulz argues that the term "outright purchase" unambiguously provided her the option to acquire some form of ownership interest separate from a lease. Storylines argues, in contrast, that "outright purchase" was just

shorthand and was intended to mean an LOV lease. ECF 101 at 15–16. These questions of intent and meaning are central to many of Schulz's claims, including the breach of contract claim at issue here. Given the addition of new claims that also touch upon intent,[1] the court has discretion to allow further discovery that may inform the contract claim. Therefore, summary judgment would be improper.

Starting with Schulz's second argument, there is clearly a genuine dispute of material fact regarding the meaning of "outright purchase." A reasonable jury could very well adopt Storylines' interpretation of the meaning of "outright purchase," with the evidence presented being not so one-sided that Schulz must prevail as a mater of law.

The court applies Utah law to Schulz's breach of contract claim. *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017). The court thus first looks to the language of the contract when determining meaning and intent. *Cafe Rio, Inc. v. Larkin-Gifford-Overton, LLC*, 207 P.3d 1235, 1240 (Utah 2009). As the Utah Supreme Court has explained, "[w]here 'the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law.' Only if the language of the contract is ambiguous will [the court] consider extrinsic evidence of the parties' intent." *Id.* at 1241 (citation modified).

---

[1] For example, the newly added claims of fraudulent misrepresentation and fraudulent concealment require proof that Storylines *intended* to mislead Schulz with respect to the nature of the "outright purchase" option. Storylines, for its part, denies the claims, and argues the term was used in good faith and was intended to mean an LOV lease. Schulz's claim that Storylines breached a duty of good faith and fair dealing also requires an *intentional* deprivation of Schulz's benefit of the bargain. ECF 85 at 28–29.

"[A]mbiguity exists in a contract term or provision if it is capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies." *Id.* (citation modified). Ambiguity may be found either through (1) facial ambiguity with regard to the language itself, or (2) ambiguity with regard to parties' intent. *Daines v. Vincent*, 190 P.3d 1269, 1275–76 (Utah 2008). The former is a question of law, while the latter is a question of fact where, if the judge finds the contract to be facially ambiguous, parol evidence of the parties' intentions may be admitted. *Id.* at 1276. To determine if there is facial ambiguity, the court considers any relevant and credible evidence of contrary interpretations. *Id.* It next considers if the contended interpretations are reasonably supported by the language of the contract. *Id.*

Here, the term "outright purchase" appears in the Founders Circle agreement. Exhibit 10 to ECF 85. It is not defined, and the surrounding language of the contract could arguably support either of the contrary interpretations offered by the parties. The fact that the term "outright purchase" was grouped with two other ownership upgrade options (a "12 Year Lease" and a "24 Year Lease") could signal that the "outright purchase" option was of a similar quality and nature. Alternatively, the fact that the term had a distinct label with no mention of lease could signal it was of a different quality and nature. *See* ECF 85 at 15. On its face, then, the term is ambiguous.

The court then considers extrinsic evidence of the parties' intent. The record here falls short in determining the parties' intentions to a degree "that a reasonable factfinder could reach but one conclusion." *In re Excess Proceeds from Foreclosure of Prop. Located at 1107 Snowberry St., Park City*, 474 P.3d 481, 490 (Utah 2020). While Schulz has concededly presented substantial extrinsic evidence to support her interpretation, Storylines has presented at least some competing evidence through its discovery responses and Answer. Exhibit 11 to ECF 85 at 5, 7; ECF 89 ¶¶

9

68–69. It is far from certain that no reasonable factfinder could find Storylines' arguments persuasive.

This conclusion—that there is a genuine dispute of material fact as to contractual meaning and intent—also undermines Schulz's first and third arguments. First, she argues that a motion for partial summary judgment on this claim is not premature because this claim was alleged in her prior complaints and discovery was completed for these claims.[2] Putting aside the reality that the genuine dispute of material fact alone warrants a denial of summary judgment, Schulz's motion was indeed premature with respect to the breach of contract claim. The operative complaint, filed only four days prior to her motion for summary judgment, added new claims that, like the breach of contract claim, center on the parties' intent. No discovery has been completed since Schulz filed the operative complaint adding the new claims, and the court is within its discretion to re-open discovery to further develop the record. Because the factual record with respect to contractual meaning and intent implicate many of Schulz's claims, summary judgment is premature for each of those claims, including the breach of contract claim.

Finally, Schulz argues that the differing interpretations of the term "outright purchase" are not material because under either interpretation, Storylines still revoked the option for outright

---

[2] Schulz further argues that the withdrawn admissions Judge Bennett referenced as undermining the foundation of her motion are not necessary to determine the breach of contract claim. Specifically, she notes that only one of the four admissions related to the breach of contract claim and that the relevant admission is not material to the claim. In any case, as Schulz argues, Storylines admitted the statement as true in its response to the summary judgment motion. ECF 101 ¶ 26. The court agrees with Schulz that this point alone is not fatal to a partial grant of summary judgment. Nevertheless, summary judgment is still premature for the breach of contract claim for the other reasons stated.

purchase by not offering an LOV lease on a subsequent ship.[3] This argument relies on the proposition that if Storylines' interpretation of "outright purchase" meant an LOV lease, then the same definition necessarily must have applied to residences on a subsequent vessel. This again is genuinely disputed, going back to the same issue of contractual meaning and intent: what offerings might satisfy the obligation "outright purchase" creates? Storylines argues that based on its understanding and intent of the term, it has fulfilled its obligations through the inclusion of the follow-on year-to-year lease. ECF 101 at 12. Because this argument ultimately boils down to the same genuine dispute over the meaning of "outright purchase," summary judgment is not appropriate.

## CONCLUSION AND ORDER

For the reasons above, the court **ADOPTS** the report and recommendation in its entirety and **DENIES** both motions for summary judgment.

Signed September 22, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[3] Schulz further emphasizes that her objection does not hinge on the legality of maritime fee-simple ownership. She also argues that the "outright purchase" option was not conditional. These arguments, like the others, do not resolve the fact that the meaning of and intent behind the term "outright purchase" are genuinely disputed.